IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ISAAC T. BOLDEN, JR., | * | |
| Plaintiff, | * | |
| vs. | * | Civil Action No. ADC-18-3213 |
| STEPHEN T. MOYER, *et al.*, | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM OPINION**

The Court has before it Defendants' Motion to Dismiss or, in the alternative, Motion for Summary Judgment (the "Motion to Dismiss") (ECF No. 30). Defendants allege that Plaintiff has failed to state a claim upon which relief may be granted and alternatively, in the light most favorable to the Plaintiff, there exists no dispute of material fact, entitling Defendants to summary judgment. Plaintiff has responded that there is a dispute of material fact and Plaintiff is entitled to relief. After considering the Motion to Dismiss and the responses thereto (ECF Nos. 33, 36), the Court finds that no hearing is necessary. See Loc.R. 105.6 (D.Md. 2018). For the reasons set forth below, the Court GRANTS the Motion to Dismiss and, in the alternative, Summary Judgment to Defendants on all Counts.

### FACTUAL BACKGROUND

On June 2, 2006, Plaintiff pled guilty to first-degree rape and first-degree assault in the Circuit Court for Prince George's County. ECF No. 29 at 6, ¶ 17; ECF No. 30-2 at 3–4. Plaintiff was sentenced to 25 years' incarceration with all but 15 years suspended concurrent to both counts of conviction. ECF No. 30-2 at 8. The Division of Correction ("DOC") calculated Plaintiff's

1

maximum confinement date as November 26, 2020. ECF No. 30-3. Plaintiff does not contest any of these facts.

What Plaintiff does contest is that his release date of September 1, 2015 was incorrect and that August 30, 2015 was correct and since it was a weekend, he should have been released on August 28, 2015, four days prior to September 1. ECF No. 29 at 6, ¶¶ 16, 19. Plaintiff also alleges that he should have been entitled to an additional 780 special project diminution credits for his participation in the "Youth Offenders Patuxent Program," which would have resulted in release sometime in August 2013. *Id.* at 5–6, ¶¶ 13–16. Plaintiff states that if he was not entitled to the 780 additional credits, then his release date should have been August 28, 2015, as stated previously. *See id.* at 6, ¶¶ 17–18.

In his complaint, Plaintiff alleges violations of the Fifth, Eighth, Ninth, and Fourteenth Amendments against all Defendants in Count I; violations of the Maryland Declaration of Rights, Articles XXIV and XXVI in Count II; and violations of Maryland state law in claims set forth in Count III. *Id.* at 12–15, ¶¶ 52–65. The Court has reviewed the allegations of violations of civil rights and state law claims set forth in the Complaint. The Court finds that it is not necessary to reach the constitutional merits of the claim or liability of any Defendant since the underlying basis of the lawsuit—the calculation of the release date of Plaintiff—lacks any merit and the Motion to Dismiss or, in the alternative, Motion for Summary Judgment is GRANTED.

## PROCEDURAL BACKGROUND

The original Complaint was filed in the Circuit Court for Baltimore City on August 27, 2018 and removed by Defendants to this Court on October 16, 2018. ECF No. 1.[1] On January 7,

---

[1] On November 21, 2018, in accordance with 28 U.S.C. § 636 and Local Rules 301 and 302 of the United States District Court for the District of Maryland and upon consent of all parties, this case

2019, Plaintiff amended the Complaint. ECF No. 29. On January 22, 2019, Defendants filed the Motion to Dismiss. ECF No. 30. Plaintiff filed an opposition on February 22, 2019, ECF No. 33, and Defendants replied on March 15, 2019, ECF No. 36. This matter is now fully briefed, and the Court has reviewed Defendants' Motion to Dismiss, as well as the responses thereto. For the following reasons, the Motion to Dismiss or, in the alternative, Motion for Summary Judgment is GRANTED.

## DISCUSSION

### A. Standards of Review

1. Motion to Dismiss for Failure to State a Claim

The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint, not to "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 243–44 (4th Cir. 1999)). A complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Facial plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* An inference of a mere possibility of misconduct is not sufficient to support a plausible claim. *Id.* at 679. As stated in *Twombly*, "[f]actual allegations must be enough to raise a right to relief above the speculative level." 550 U.S. at 555. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked

---

was transferred to United States Magistrate Judge A. David Copperthite for all proceedings. ECF No. 17.

assertions' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (internal citations omitted). Although when considering a motion to dismiss a court must accept as true all factual allegations in the complaint, this principle does not apply to legal conclusions couched as factual allegations. *Twombly*, 550 U.S. at 555.

2. Motion for Summary Judgment

Pursuant to Rule 56, a movant is entitled to summary judgment where the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact. Fed.R.Civ.P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). The Supreme Court has clarified that not every factual dispute will defeat a motion for summary judgment but rather, there must be a genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986) ("[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." (emphases in original)). An issue of fact is material if, under the substantive law of the case, resolution of the factual dispute could affect the outcome. *Id.* at 248. There is a genuine issue as to material fact "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*; *see also Dulaney v. Packaging Corp. of Am.*, 673 F.3d 323, 330 (4th Cir. 2012). On the other hand, if after the court has drawn all reasonable inferences in favor of the nonmoving party, "the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249–50 (internal citations omitted).

The party seeking summary judgment bears the initial burden of either establishing that no genuine issue of material fact exists or that a material fact essential to the non-movant's claim is absent. *Celotex Corp.*, 477 U.S. at 322–24. Once the movant has met its burden, the onus is on

the non-movant to establish that there is a genuine issue of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In order to meet this burden, the non-movant "may not rest upon the mere allegations or denials of [its] pleadings," but must instead "set forth specific facts showing that there is a genuine issue for trial." *Bouchat v. Balt. Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir. 2003) (quoting Fed.R.Civ.P. 56(e)).

In determining whether a genuine issue of material fact exists, the court views the facts and draws all reasonable inferences in the light most favorable to the nonmoving party. *Glynn v. EDO Corp.*, 710 F.3d 209, 213 (4th Cir. 2013) (citing *Bonds v. Leavitt*, 629 F.3d 369, 380 (4th Cir. 2011)). A genuine issue of material fact exists if "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Res. Bankshares Corp. v. St. Paul Mercury Ins. Co.*, 407 F.3d 631, 635 (4th Cir. 2005) (quoting *Anderson*, 477 U.S. at 249). Thus, "to grant summary judgment the [c]ourt must determine that no reasonable jury could find for the nonmoving party on the evidence before it." *Moss v. Parks Corp.*, 985 F.2d 736, 738 (4th Cir. 1993) (quoting *Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 124 (4th Cir. 1990)).

In this case, Defendants have styled their motion as a Motion to Dismiss or, in the alternative, a Motion for Summary Judgment. ECF No. 30. "A district judge has 'complete discretion to determine whether or not to accept the submission of any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion and rely on it, thereby converting the motion, or to reject it or simply not consider it.'" *Whitaker v. Md. Transit Admin.*, No. ELH-17-00584, 2018 WL 902169, at *7 (D.Md. Feb. 14, 2018) (quoting 5C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 1366, at 159 (3d ed. 2004, 2011 Supp.)). "This discretion 'should be exercised with great caution and attention to the parties' procedural rights.'" *Id.* (quoting WRIGHT & MILLER, *supra*, at 149). "In general, courts are guided

by whether consideration of extraneous material 'is likely to facilitate the disposition of the action,' and 'whether discovery prior to the utilization of the summary judgment procedure' is necessary." *Id.* (quoting WRIGHT & MILLER, *supra*, at 165–67).

"Ordinarily, summary judgment is inappropriate 'where the parties have not had an opportunity for reasonable discovery.'" *Id.* (quoting *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 448–49 (4th Cir. 2011)). "However, 'the party opposing summary judgment cannot complain that summary judgment was granted without discovery unless that party has made an attempt to oppose the motion on the grounds that more time was needed for discovery.'" *Id.* (quoting *Harrods Ltd. v. Sixty Internet Domain Names*, 302 F.3d 214, 244 (4th Cir. 2002)) (citations and internal quotation marks omitted). Federal Rule of Civil Procedure 12(d) requires that all parties be given a reasonable opportunity to present all the material that is pertinent to the motion. Fed.R.Civ.P. 12(d).

"[W]hen a plaintiff fails to introduce a pertinent document as part of his complaint, the defendant may attach the document to a motion to dismiss the complaint and the Court may consider the same without converting the motion to one for summary judgment." *Davis v. George Mason Univ.*, 395 F.Supp.2d 331, 335 (E.D.Va. 2005) (citations and internal quotation marks omitted). In this case, Plaintiff has not produced any of the statutory or regulatory authority that governed the calculation of his release date. Defendants have provided the information and documentation in their motion. Since these documents were inextricably intertwined with Plaintiff's complaint but not provided and not responded to in Plaintiff's responsive motion, they are proper, and the Court may view this motion as a motion to dismiss and not treat it as a motion for summary judgment. *Id.*

6

The motion is plead in the alternative and therefore Plaintiff was on notice that Defendants were seeking both to dismiss and a grant of summary judgment. "To raise adequately the issue that discovery is needed, the non-movant typically must file an affidavit or declaration pursuant to Rule 56(d) . . . explaining why . . . 'he cannot present facts essential to justify its opposition,' without needed discovery." *Whitaker*, 2018 WL 902169, at *8 (quoting Fed.R.Civ.P. 56(d)). "A non-moving party's Rule 56(d) request for additional discovery is properly denied 'where the additional evidence sought for discovery would not have by itself created a genuine issue of material fact sufficient to defeat summary judgment.'" *Id.* (quoting *Strag v. Bd. of Trs., Craven Cmty. Coll.*, 55 F.3d 943, 954 (4th Cir. 1995)). "[T]he failure to file an affidavit . . . is itself sufficient grounds to reject a claim that the opportunity for discovery was inadequate." *Harrods, Ltd.*, 302 F.3d at 244.

In this case, Plaintiff was well aware of Defendants' request for summary judgment. ECF No. 33 at 10–12. Plaintiff does not request additional time for discovery in order to respond to the motion for summary judgment. *See id.* Even if requested, it is hard to conceive of any scenario where additional discovery would assist Plaintiff in prosecuting his claims. Simply put, Plaintiff did not understand the statutory scheme for release and simply calculates his credits incorrectly, as explained below.

### B. Defendants' Motion to Dismiss or, in the Alternative, Motion for Summary Judgment

Defendants set forth the authority for the diminution of an inmate's terms of confinement and Plaintiff does not contest this authority:

> Under §§ 3-701 – 3-711 of the Correctional Services Article [of the Maryland Code], with exceptions not relevant here, an inmate committed to the custody of the Commissioner of Correction "is entitled to a diminution of the inmate's term of confinement" through the application of diminution of confinement credits. [MD. CODE ANN., CORR. SERVS. § 3-702 (West 2019)]. There are four

7

> types of diminution credits that inmates may earn: good conduct
> credits, industrial credits, educational credits, and special project
> credits. [*Id.* §§ 3-704 to 3-707]. Good conduct credits are deducted
> "in advance from the inmate's term of confinement." [*Id.* § 3-
> 704(a)]. The other types of credit are awarded monthly, as they are
> earned. [*Id.* §§ 3-705 – 3-707]. Because Plaintiff's term of
> confinement comprised sentences for crimes of violence, *see* [MD.
> CODE ANN., CRIM. LAW § 14-101(a)(8)–(a)(19)], his good conduct
> credits were calculated at the rate of five days per month and the
> maximum number of other credits he could earn each month was 15.
> [*See* MD. CODE ANN., CORR. SERVS. § 3-704 (West 2019)]
> (providing in relevant part that "[i]f an inmate's term of confinement
> includes a consecutive or concurrent sentence for a crime of
> violence as defined in § 14–101 of the Criminal Law Article . . . .,
> the deduction . . . shall be calculated at the rate of 5 days for each
> calendar month); *id.* [§ 3-707 (West 2019)] (providing that "an
> inmate may not be allowed a deduction under this subtitle of more
> than . . . 20 days for a calendar month").
>
> Under established DOC policy, credits are awarded on a prorated
> basis when an inmate participates in a program for only a portion of
> a month. The amount of prorated credits that can be earned in a
> month depends on the number of days in the month. For example,
> in a month that has 30 or 31 days, an inmate must participate in a
> program for at least 28 days in order to earn the maximum five
> credits. If an inmate participates in a program for 27 days in a month
> that has 30 or 31 days, the inmate is entitled to only four credits.

ECF No. 30-1 at 6–7 (internal citations omitted).

### The Patuxent Youth Program

Defendants calculate that Plaintiff earned 1,913 credits, which when subtracted from the November 6, 2020 maximum confinement date results in a release date of September 1, 2015. *Id.* at 7–8. As stated previously, Plaintiff alleges, without citing to any support in either the DPSCS or DOC regulations, that the Patuxent Program should have earned him 780 additional credits. ECF No. 29 at 6, ¶ 16. Defendants have provided the Court with an affidavit and specific statutory provisions, sections 4-213, 4-401(h), and 4-304 of the Correctional Services Article, that show that the Patuxent Program is a placement and not in itself capable of providing credits as a job or other

8

program. ECF No. 30-1 at 8. This is also supported by the fact that Plaintiff earned industrial and special project credits for the credit-based programs he completed while he was at the Patuxent Program. *Id.*; ECF No. 30-6 at 3, ¶¶ 15–16. Therefore, Plaintiff has provided no factual or legal basis to support his claim that he is entitled to an additional 780 credits. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678. Plaintiff only offers his opinion that he is entitled to 780 credits, with no legal or factual support and therefore has failed to state a claim that would entitle him to relief as to this allegation.

### Calculation of the Release Date

The remaining argument Plaintiff presents is that he should have been released on August 28, 2015. What is clear from the complaint and pleadings is that there is no dispute as to any material fact. The error committed here is one of Plaintiff's mathematics and his understanding of the uncontradicted regulations governing diminution of credits and release. Again, Plaintiff's argument is devoid of any legal or factual support.

Defendants in their motion state:

> As of July 31, 2015, DOC calculated Plaintiff's mandatory release date as September 9, 2015, based on 1,905 credits Plaintiff had earned. [ECF No. 30-7]. Given this calculation, Plaintiff could earn a maximum of four prorated educational and four prorated special project credits for the month of August 2015. *Id.* Plaintiff could not earn five education and five special project credits for August of 2015 because that would have resulted in a mandatory release date of Sunday, August 30, 2015, which would have required DOC to release[ ] Plaintiff on Friday, August 28, 2015, because DOC does not perform weekend releases. *Id.* **Plaintiff could not be released on Friday, August 28, 2015, because, as of that date, he only worked 27 creditable days** toward his special project program. *Id.* As a result, Plaintiff received four education and four special project credits for August 2015, and his mandatory release date was

> changed from September 9, 2015, to September 1, 2015, based on those eight credits. *Id.*

ECF No. 30-1 at 9–10 (emphasis added).

Plaintiff simply did not factor into his calculations that he could not be released on August 28, 2015 because he had not worked 28 days. Plaintiff does not contest and could not contest that on the 28th day of August, he had not *completed* 28 days of work in order to receive the full 8 credits and be released. With 8 days of credits added to his July 31, 2015 count of 1,905 days, Plaintiff received the 1,913 credits and was properly released on September 1, 2015.

There exists an "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat v. Balt. Ravens Football Club, Inc.*, 346 F.3d 514, 526 (4th Cir. 2003) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778–79 (4th Cir. 1993)) (internal quotation marks omitted). In this case, it is clear that there are no facts to support Plaintiff's claims and the facts are not contested. The only fact contested is whether the date of release was correct. While that fact may be the central issue to Plaintiff's claims, it is obvious to the Court that Plaintiff just got it wrong. No amendment of pleadings would alter those facts or provide safe harbor for his complaint. Since Plaintiff is unable to prove the underlying claim, there is no need to address the constitutional issues presented.

## CONCLUSION

For the reasons set forth above, the Motion to Dismiss is GRANTED. Plaintiff has failed to plead "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678. In the event the Court were to decide this Motion as a Motion for Summary Judgment, the Motion would be GRANTED because there exists no dispute as to any material fact. Plaintiff "cannot complain that summary judgment was granted without

discovery . . . [because he made no] attempt to oppose the motion on the grounds that more time was needed for discovery." *Harrods Ltd.*, 302 F.3d at 244.  A separate Order will issue.

6 May 2019
Date

A. David Copperthite
United States Magistrate Judge